UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COURTNEY JOHNSON,

    Plaintiff,

    v.                                                  CAUSE NO. 3:20-CV-844-DRL-MGG

STATE OF INDIANA, MCF, ANGLE,
BENNET, IMAN, SHAW, HAWK, and
SEAGAL,

    Defendants.

OPINION & ORDER

Courtney Johnson, a prisoner without a lawyer, filed a vague complaint about the conditions in his cell from July 6, 2020 to July 12, 2020. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Johnson says he wants to sue six defendants, but he listed eight. He describes the conditions in his cell, but he does not explain what any of the defendants knew about his cell, when they knew it, or what they did or did not do in response. Moreover, he does not explain what happened on July 12, 2020, nor who was involved, which resolved the situation. The instructions on the complaint form told him to "[e]xplain when, where,

why, and how each defendant violated [his] right's [and to u]se each defendant's name every time you refer to that defendant." ECF 1 at 2. Here, without any reference to any defendant in the description of events, the complaint does not present sufficient facts to state a plausible claim.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Mr. Johnson can explain what each defendant knew about the conditions in his cell, when the defendant knew it, and what the defendant did or did not do in response, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment

2

would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from his law library. After he properly completes and signs that form, he needs to send it to the court.

Additionally, he filed an *in forma pauperis* motion on which he falsely declared under penalty of perjury that he had attached a copy of his inmate trust fund ledger showing every transaction for the last six months. ECF 2. This is not the first time he has attempted to misrepresent his finances to the court. In *Johnson v. Kilgore*, 1:14-cv-306 (N.D. Ind. filed October 27, 2014), the court dismissed his case with prejudice as a sanction because he had attempted to conceal his money and avoid paying his filing fee obligation. If Mr. Johnson intends to continue pursuing this case, he must either pay the filing fee or file an *in forma pauperis* motion with a copy of his inmate trust fund ledger for the prior six months.

For these reasons, the court:

(1) DENIES the *in forma pauperis* motion (ECF 2);

(2) GRANTS Courtney Johnson until **November 19, 2020** to resolve his filing fee status and file an amended complaint on a Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form; and

(3) CAUTIONS Courtney Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 21, 2020                                     *s/ Damon R. Leichty*
                                                     Judge, United States District Court